

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*LaRai Everett*  Suite 400  DIRECT: 410-209-4869
*Assistant United States Attorney*  36 S. Charles Street  MAIN: 410-209-4800
*LaRai.Everett@usdoj.gov*  Baltimore, MD 21201-3119  FAX: 410-962-0716

November 13, 2025

The Honorable Ellen L. Hollander
United States District Judge
United States District Court for the District of Maryland
101 W. Lombard St.
Baltimore, MD 21201

    Re:    United States v. Adrian Sweeney
             Criminal No. ELH-23-0196

Dear Judge Hollander:

    I am writing to state the Government's sentencing recommendation in the above-referenced case. For the reasons discussed below, the Government respectfully requests that the Court impose a sentence of 72 months imprisonment which falls at the top of the recommended "C Plea" range agreed to between the parties.

## Sentencing Procedure

    In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court set forth a multi-step process for imposing sentence in a criminal case. *Id*. at 51-52. A sentencing court should begin by correctly calculating the applicable guidelines range. *Id*. at 49. After providing the parties with an opportunity to present argument, the district court should then consider the factors set forth in 18 U.S.C. § 3553(a). *Id*. at 49-50. *See also United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011).

## Sentencing Guidelines Calculation

    The Government agrees with the Presentence Report (PSR). Specifically, under the United States Sentencing Guidelines ("U.S.S.G."), the Defendant's base offense level is 18 pursuant to U.S.S.G. §2D1.1(a)(5). PSR ¶ 21. There are two separate enhancements that add four additional levels to the base offense level. Specifically, there is an additional two-level enhancement pursuant to U.S.S.G. §2D1.1(b)(12) for the Defendant and his co-conspirators who maintained a premise for the purposes of distributing marijuana and two levels are added because a dangerous weapon was possessed, pursuant to U.S.S.G. § 2D1.1(b)(1). *Id*. ¶¶ 22-23. Because the Defendant accepted

responsibility for his misconduct the Government does not oppose a 2-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a). The Government also agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. Therefore, the adjusted offense level is 19. *Id.* ¶ 31. The Defendant's criminal history score is two with a criminal history category of II. PSR ¶¶ 35 – 41. The guideline range for Count One would be 33 to 41 months. PSR ¶ 74. The Government's recommendation of 72 months falls above the U.S.S.G. guideline range, but within the recommended C-Plea range.

**Factors Set Forth in 18 U.S.C. § 3553(a)**

Under § 3553(a), "[t]he Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The Government believes the following 3553(a) factors are most relevant in this case:

I.   <u>Nature and Circumstances of the Offense (3553)(a)(1))</u>

The Defendant Adrian Sweeney ("Sweeney") was charged with three counts that included:
- Count One – Conspiracy to Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846,
- Count Four– Distribution and Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841.
- Count Five – Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

On July 9, 2025, the Defendant admitted to Count One, which charged him with conspiracy to possess with the intent to distribute 50 kilograms or more of marijuana. These charges stemmed from an investigation that began in September 2020 and Sweeney conspired with several individuals to distribute marijuana to customers throughout Baltimore City. During the investigation, investigators observed in April 2022 Sweeney meet with a drug customer, who was later stopped and investigators recovered over 600 grams of marijuana from that customer. Additionally, Sweeney was stopped by police in early April on his way from New York City to Baltimore and was in possession of $10,000.

As noted in the stipulated facts of the plea agreement, investigators searched Sweeney's home and investigators found approximately $79,000 in U.S. currency, drug packaging paraphernalia and a Glock 48, 9mm, semi-automatic pistol bearing serial number BVNB238. Additionally, investigators searched a location used by the Defendant and his co-conspirators as a "stash house" to store quantities of marijuana prior to sale and investigators recovered a large quantity of drugs and ammunition. Specifically, inside the stash location investigators found approximately 35 kilograms of marijuana and approximately 38 rounds of .38 caliber ammunition. Prior to its recovery by law enforcement, the Defendant possessed the marijuana with the intent to distribute the marijuana to paying customers.

Additionally, on January 2, 2023, the Defendant was stopped by local law enforcement while driving in Baltimore City. The Defendant admitted to having marijuana in his car and a search of the vehicle yielded approximately 4 kilograms of marijuana.

Sweeney agreed that the firearm seized from his residence and the ammunition seized from the stash house constituted proceeds of the Defendant's drug trafficking activity or were used, or intended to be used, to facilitate his drug offense. During the searches of the co-conspirators' homes investigators recovered in total approximately 60 kilograms of marijuana as well as multiple firearms. Based on Sweeney's role in this case, the large amount of money recovered from him at various times, and the quantity of drugs distributed by him and throughout the course of this conspiracy, a sentence of 72 months imprisonment is appropriate.

II.     History and Characteristics of the Offender (3553(a)(1))

Sweeney is 27 years old, has his GED and some college. PSR ¶ 66. He has maintained part-time employment at various places with some of his employment going back to 2023. PSR ¶¶ 68-70. Based on his educational and employment background, it seems clear that he could be a law-abiding citizen. As for his assets, the PSR does not show any savings that would support his ability to lease a Mercedes for approximately $89,000. PSR ¶72. Drug trafficking appears to be the only basis for Sweeney's ability to afford this type of vehicle.

His adult criminal history is minimal, with two traffic type offenses and two marijuana possession convictions, none of which resulted in any criminal history points, pursuant to 4A1.2(c)(2). PSR ¶¶ 36 to 39. His criminal history points are derived from his earlier convictions when he was 17 years of age. PSR ¶¶ 33, 34. As a result, his criminal history score is two and his criminal history category is II. PSR ¶ 41.

Despite his minimal criminal history, Sweeney is clearly engaged in drug trafficking activities and his lease of a high-priced vehicle further supports his involvement in illegal activity. Additionally, Sweeney has incurred five separate pre-trial violations that range from noncompliance while on location monitoring, driving under the influence, falsifying urine analysis to a recent traffic citation of driving an uninsured vehicle in Baltimore City. These violations are another reason that support the Government's recommendation for a sentence at the top of the C-Plea recommendation.

III.    The Kinds of Sentences Available

The "kind of sentences available," 18 U.S.C. § 3553(a)(3), includes imprisonment. At this time, all the co-conspirators have been sentenced in this case. To avoid unwarranted sentence disparities among the co-defendants, below is a chart detailing the roles of each.

3

| Defendant | Charges | Role | Criminal History/Score | Sentence |
|---|---|---|---|---|
| Tyson 38 years old | Cts 1 and 5 (drugs) + enhancements | Drug distributor | III (prior federal conviction) | 78 mos. (18 mos. to Count 1 and 60 mos. Consecutive), 3 years S.R. |
| Briscoe 30 years old | Ct 1 (drugs) | Drug distributor | I (prior misdemeanor conviction) | Time served with 7 mos. home confinement & 3 years S.R. |
| Ellison 33 years old | Ct 1 (drugs) | Drug distributor | III (prior felony drug convictions/firearm conviction) | 13 months & 3 years S.R. |

In considering the most appropriate sentence, the Government notes that Sweeney's role is most like Tyson's role in this case given that both were trafficking marijuana, and both were in possession of at least one firearm. The main difference between the two is that Sweeney's criminal history is minimal compared to that of Tyson who had accumulated a significant record as an adult which included a federal felony drug offense. While neither Briscoe or Ellison had any firearms seized in this case, they were each involved in the distribution of large quantities of marijuana – Ellison distributed one kilogram and Briscoe distributed two kilograms. Each of the defendant's roles in this case were significant in this case as they were *all* engaged in the distribution of large quantities of marijuana. Like Tyson, Sweeney possessed a firearm and therefore his plea recommendation is higher than the others to account for the seized firearm from his house as well as his drug trafficking activities and therefore is closest to Tyson's final imposed sentence.

IV.   The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment for the Offense, to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public from Further Crimes of the Defendant (3553(a)(2))

A sentence of 72 months' imprisonment with the Bureau of Prisons is necessary in this case to reflect the seriousness of the offense. The stipulated facts set forth in the plea agreement established that Sweeney was clearly engaged in drug trafficking activity. The money, the large quantities of marijuana, and the firearm seized from his house are all attributed to his involvement in this case and all are reasons that warrant an above guideline sentence.

The Government believes that Sweeney's conduct, in combination with his character and history, is adequately reflected by the recommended sentence and further believes such a sentence is sufficient to provide a general deterrent. Deterrence is essential in crippling the street level flow of drugs and associated violence. Given that this would be Sweeney's *first* federal conviction and really his first serious conviction to date, it is the Government's hope that a 72-month sentence of imprisonment would be a *specific* deterrence to Sweeney from any future criminal conduct.

Additionally, it appears that Sweeney has the ability to be a law-abiding citizen, and hopefully the motivation to be a better role model for his children.

The Government believes that Sweeney's conduct, in combination with his character and history, is adequately reflected by the recommended sentence. As such, a sentence of 72 months imprisonment is lengthy and reasonable, and balanced considering the above factors. The Government believes that in this case, it is sufficient but no greater than necessary to achieve the required purposes of sentencing.

The Government thanks the Court for its consideration of this matter.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: *LaRai Everett*
   LaRai Everett
   Assistant United States Attorney

cc:   Tony Garcia, Esq.
      Ashley Crouch, U.S. Probation Officer